967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian K. ENTENDENCIA, Defendant-Appellant.
 No. 91-15703.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided June 16, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Entendencia ("Entendencia" or "appellant") appeals pro se from the district court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Entendencia argued before the district court that (1) his trial counsel had been ineffective, (2) he should have received a 2-point reduction in his offense level for acceptance of responsibility, and (3) his guilty plea was rendered involuntary because the government misled him by not explaining at the time it accepted the plea that the appellant could be sentenced as a career offender under the Sentencing Guidelines. We reject these contentions and affirm.
 
 
 3
 With respect to Entendencia's first argument, we see nothing in this record that would indicate that "his attorney's representation fell below an objective standard of reasonableness," much less "that the [allegedly] deficient performance prejudiced the defense." See Creech v. Arave, 947 F.2d 873, 876 (9th Cir.1991) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)), petition for cert. filed, 60 U.S.L.W. 3537 (U.S. Jan. 14, 1992) (No. 91-1160). As for his second claim, it was previously raised and rejected on Entendencia's earlier, direct appeal. See United States v. Entendencia, No. 89-10159 (9th Cir. June 22, 1990) (listed at Table, 905 F.2d 1541). Absent an intervening change in the law, Entendencia may not reassert this argument on collateral attack. See Davis v. United States, 417 U.S. 333, 342 (1974).
 
 
 4
 Finally, we reject Entendencia's assertion that he was misled as to the sentencing risks he faced. Both the prosecution in, e.g., the Memorandum of Plea Agreement, and the court at the change of plea hearing of December 29, 1988, carefully advised Entendencia that he could be sentenced to exactly what he ultimately received, viz., 20 years' imprisonment under the Sentencing Guidelines.
 
 
 5
 Moreover, the record shows that the appellant's decision to plead guilty was based not on ignorance, but on two tactical considerations: first, Entendencia intended to focus his efforts not on an apparently hopeless trial but at sentencing, by challenging the government's characterization of his extensive criminal history; and second, he was gambling on being sentenced under the more lenient pre-Guidelines law, based on the then constitutional uncertainty of the Sentencing Guidelines. It was not until after Entendencia entered his guilty plea that the Supreme Court upheld the constitutionality of the Sentencing Guidelines in Mistretta v. United States, 488 U.S. 361 (1989).
 
 
 6
 It is only with the benefit of 20/20 hindsight that the appellant now argues that he should have rejected the offer of a plea agreement and proceeded to trial. Because we find no merit to such an argument, the decision of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3